## Bridget Sweeney, Defendant in Error, v. Life Association of America, Plaintiff in Error.

### Gen. No. 14,699.

1. INSURANCE—*what not false statement as to occupation.* To state in an application for insurance that the applicant has no interest in or connection with the sale or manufacture of beer, is not false, though the applicant is connected with the real estate department of a brewing corporation.

2. INSURANCE—*phrase "this year" construed.* "This year," in the question "Has your weight changed this year?" contained in an application for insurance, means one year past and not the preceding months of the then calendar year.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed December 21, 1909.

SAMUEL A. HARPER and THOMAS E. D. BRADLEY, for plaintiff in error.

McARDLE & McARDLE, for defendant in error.

MR. JUSTICE MACK delivered the opinion of the court.

This was an action on a policy of life insurance for $1,000 issued on the life of the plaintiff's husband.

The defense was based first on an alleged breach of warranty in a misstatement (a) as to the occupation of the insured; (b) as to his recent loss of weight; and (c) as to his being postponed or declined by any other life insurance company; second, on a rescission of the contract after the death of the insured, because of such misrepresentation.

The facts in support of the defense were as follows: The application for the policy was made on March 25, 1907. The insured died July 1, 1907, having paid two quarterly premiums.

On March 14, 1907, the insured made application in the Prudential Insurance Company for a policy. In the application for the policy on which this suit was brought he gave his occupation as "agent and collector and attends to the real estate," and stated "I have not been declined or postponed by any life company." He further answered the medical examiner as follows:

"Q. Are you now or have you been engaged in or connected with the sale or manufacture of beer, wine or other intoxicating liquors? A. Yes, owned half interest in brewery in 1894 and 1895.

"Q. If so, state full particulars thereof.

"A. Also owned two saloons, but did not run them, during same period. * * *

"Q. Have you ever made an application for life insurance upon which a policy was not issued, or, if issued, upon a different plan than the one applied for? A. No."

At the conclusion of the questions and answers was contained the following statement:

"All the statements made to the medical examiner as well as those contained in my application are the basis and form a part of the proposed contract for insurance, subject to the charter and by-laws of the association and the laws of the State 'of New York. I hereby agree that all the foregoing statements and answers and all those that I made to the medical examiner in continuation of this application are by me warranted to be true, and are offered to the association as a consideration of the contract which I hereby agree to accept and which shall not take effect until the first premium shall have been paid. * * *

I certify that my answers to the foregoing questions and my statements are correctly recorded."

All of which was signed by the insured.

This latter document was not attached to or referred to in the policy itself, and no copy thereof was annexed thereto.

The defendant further introduced a report made by its examiner to it in which occur the following questions and answers:

"1. Name? John Sweeney. Occupation? Agent and collector. * * * 2. Has the applicant's weight recently increased? No. Or diminished? No. If so, how much and within what period?................"

This report is not signed by the insured. The medical examiner testified that he guessed that he had written down the substance of what the applicant had said.

An objection to an offer to prove that the insured had made statements contained in the medical examiner's report to the company was sustained, but the witness said, in relation to this report, that he wrote down his conclusions and the results of his examination immediately after he had examined the insured and that he based his conclusion stated in the medical examiner's report on his examination.

The defendant proved that in an application dated March 4, 1907, to the Prudential Insurance Company, the insured had stated his occupation to be "Collector for the Fortune Brewing Company," and that in the medical examination on March 17, 1907, in answer to the question, "Has your weight changed this year?" he had said that he had lost twenty-five pounds from dieting and more exercise. He had further, in connection with said examination, stated his business as collector and manager of Fortune Brewing Company's real estate.

On the question of occupation, defendant introduced as a witness the agent of the Prudential Insurance Company, who testified as follows:

"Q. Mr. Shaw, do you know in what business Mr. Sweeney was at the time he signed this application? A. He was business agent for the Brewers' Association of Chicago, real estate agent.

"Q. Brewers' Association? A. I think so, their real estate agent."

We regret to say that this testimony as abstracted omits all reference to the real estate and represents the witness as saying that Sweeney was "business agent of the Brewers' Association." Moreover, at page 5 of the brief of counsel it is stated that Shaw testified that Sweeney's position was that of "Business Agent of the Brewers' Association of Chicago," the words in quotation being italicized in the brief.

Inasmuch as the entire point of occupation was the connection with the sale or manufacture of beer, this method of abstracting and referring to the testimony, avoiding the essential point that bears against the contention of counsel, is highly improper.

We cannot, however, find either breach of warranty or misrepresentation in the statements made by the deceased. There is no proof whatsoever that at the time of the application or prior thereto, the insured had any interest in or connection with the sale or manufacture of beer, except as therein stated by him.

The fact that he was connected with the real estate department of a brewing corporation in no sense contradicts his statements as to his occupation.

The only proof of loss of weight against Sweeney is his statement to the medical examiner of the Prudential Company that he had lost twenty-five pounds from dieting and exercise this year. Even if the confidential statement of a medical examiner to his company could be regarded in any sense as based upon the statements of Sweeney and as amounting to a warranty, there is nothing contradictory in the statement that his weight has not *recently* diminished and the statement that it diminished twenty-five pounds this year.

Counsel urges that the phrase "this year" in the question, "Has your weight changed this year?" asked by the Prudential Company on March 17, 1907, means the calendar year, that is, since January 1, 1907. We cannot agree with this interpretation of a printed form. "This year" means one year past, and not the few months of the then calendar year.

At the time that he signed the application for this policy, he had not been postponed or declined by the other company; in fact, he received no notice of a declination until after the policy in suit had been issued.

Inasmuch as the court might well in this case have directed a verdict for the plaintiff, it is unnecessary to consider the instructions. Judgment will be affirmed.

*Affirmed.*